OPINION
{¶ 1} Jason Ivory appeals from an order of the Montgomery County Common Pleas Court designating him to be a sexual predator.
 {¶ 2} Ivory was indicted and convicted on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), resulting from contact he had with an eight-year-old *Page 2 
female between the dates of June 9, 2006 and June 10, 2006.
 {¶ 3} On September 8, 2006, Ivory appeared before the trial court for a sexual predator hearing at which the State presented the testimony of David Taylor, the supervisor of the sex offender program in Montgomery County's Adult Probation Department. The court also had before it a pre-sentence investigation report ("PSI") and a House Bill 180 Screening Instrument. After hearing the evidence, the court determined Ivory to be a sexual predator. It further sentenced him to Community Control Sanctions for a period not to exceed five years. It is from this decision that Ivory has filed the instant appeal.
 {¶ 4} In his sole assignment of error, Ivory contends that the trial court erred in labeling him as a sexual predator when the record does not support by clear and convincing evidence that he is likely to re-offend.
 {¶ 5} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." In determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, all of the following: (1) the offender's age; (2) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim; (4) whether the sexually oriented offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender completed any sentence for a prior criminal offense, and if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for *Page 3 
sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the commission of the sexually oriented offense, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3). The language of this statute requires the trial court to consider the listed factors, but it does not direct the court on what weight, if any, it must assign to each factor. State v.Thompson (2001), 92 Ohio St.3d 584, 587-88, 752 N.E.2d 276.
 {¶ 6} Upon reviewing the testimony and evidence presented at a sexual predator hearing and considering the factors specified in R.C.2950.09(B)(3), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 7} In this case, the sole witness at the sexual predator classification hearing was Montgomery County's supervisor of the sex offender program, David Taylor. Taylor reviewed the pre-sentence investigation report prepared by investigative officer, Sharon Dalton, in addition to the House Bill 180 Screening Instrument, the police report *Page 4 
regarding Ivory's gross sexual imposition charge, and a police report concerning a 2000 charge of importuning. Taylor also testified that he reviewed treatment reports from South Community, where Ivory was receiving treatment for oppositional defiant disorder and bipolar disorder from July 2003 to November 2005. Based on the information contained in these documents, Taylor concluded that Ivory should be designated a sexual predator.
 {¶ 8} After hearing Taylor's testimony, the trial court discussed its findings on the record in accordance with the model procedure established in State v. Eppinger (2001), 91 Ohio St.3d 158,743 N.E.2d 881. In Eppinger, the Supreme Court of Ohio provided that courts must consider the statutory factors listed in R.C. 2950.09(B)(3), although they are not required to discuss each factor. Id. at 166, citingState v. Cook (1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570. Instead, to comply with the model procedure, courts must discuss the evidence and the statutory factors on which they have relied in determining if thereis a likelihood of recidivism. (Emphasis added.) Id. See, also,State v. Lopez (Dec. 14, 2001), Montgomery App. No. 18646,2001 WL 1597974, at *4.
 {¶ 9} Here, the trial court first acknowledged the fact that Ivory had been previously adjudicated of a sex offense involving a four-year-old girl. The pre-sentence investigation report in the present matter indicates that Ivory was charged in 2000 with one count of gross sexual imposition for attempting to penetrate a four-year-old girl. This charge, however, was subsequently reduced to importuning. Next, the court considered the relevancy of Ivory's age and the age of his victims. At the time of the present offense, Ivory was 19, while his victim was 8. In 2000, Ivory was 12, while his *Page 5 
victim was 4. The court also noted that Ivory has a history of mental illness and that he voluntarily terminated treatment in November of 2005 after turning 18. Based on these facts, the trial court found by clear and convincing evidence that Ivory was a sexual predator.
 {¶ 10} It is Ivory's contention that the trial court's decision is not supported by the evidence. In particular, Ivory argues that David Taylor does not qualify as an expert, where his position is that of probation officer as opposed to forensic specialist; therefore, his testimony amounts to mere hearsay lacking any relevant foundation. Ivory further contends that only half of the factors listed in R.C. 2950.09 apply to the current situation, and of those factors which are applicable, the facts underlying them do not constitute clear and convincing evidence that he is likely to re-offend. For the following reasons, we do not find merit in these arguments.
 {¶ 11} First, the Supreme Court of Ohio has found that, pursuant to Evid.R. 101(C), the rules of evidence do not strictly apply in a sexual predator hearing. Cook, 83 Ohio St.3d at 425. Therefore, reliable hearsay, such as a pre-sentence investigation report, may be relied upon by the trial court. Id. We find that Taylor's testimony would also fall into the category of reliable hearsay. See State v. Hicks (Sept. 7, 2001), Montgomery App. No. 18732, 2001 WL 1018327, at *2.
 {¶ 12} Next, we find that the evidence in the record supports the trial court's decision. In addition to the factors identified by the court as its basis for designating Ivory as a sexual predator, i.e, his age and the age of his victims; his prior criminal offenses, including a sexually oriented offense; and his history of mental illness, we find it equally significant that Ivory completed two years of out-patient sex offender treatment *Page 6 
in connection with his 2000 importuning conviction, along with two years of treatment for behavioral problems and issues of past abuse, yet he still committed the instant offense. Thus, it is the opinion of this Court that Ivory is not a successfully treated sex offender, and the likelihood of his re-offending is high.
 {¶ 13} In conclusion, we have reviewed the transcript and all other materials in the record, including the pre-sentence investigation report. Based upon our review, we are satisfied that the trial court acted within its discretion in determining that the State provided clear and convincing evidence that Ivory is a sexual predator. Accordingly, Ivory's single assignment of error is overruled. The judgment of the trial court is affirmed.
 WOLFF, P.J., and FAIN, J., concur. *Page 1